KM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph John Chapa,<br><br>                    Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio, et al.,<br><br>                    Defendants. | No. CV 12-2482-PHX-DGC (DKD)<br><br>**ORDER** |

Plaintiff Ralph John Chapa, who is confined in Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.

**I.     "Three Strikes Provision" of 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases that were dismissed before the effective date of § 1915(g), i.e., April 26, 1996, may be counted as qualifying dismissals or "strikes." *Tierney v. Kupers*, 128 F.3d 1310, 1311 12 (9th Cir. 1997). A

prisoner barred from proceeding in forma pauperis pursuant to § 1915(g) may proceed under the fee provisions of 28 U.S.C. §§ 1911 and 1914 applicable to everyone else. *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir.1996).

At least three of the prior actions Plaintiff has filed in federal courts have been dismissed as frivolous, malicious, or as failing to state a claim:

(1) *Chapa v. Hackwell*, CIV 03-1364-PHX-RCB (DKD), March 5, 2004 Order (Doc. 16) and Judgment of Dismissal (Doc. 17) dismissing the action for failure to state a claim and noting the dismissal may fall within the purview of 28 U.S.C. § 1915(g);

(2) *Chapa v. Cullhane*, CIV 03-2256-PHX-RCB (DKD), April 9, 2004 Order (Doc. 4) and Judgment of Dismissal (Doc. 6) dismissing the action for failure to state a claim and noting the dismissal may fall within the purview of 28 U.S.C. § 1915(g), and July 20, 2005 Mandate from the Ninth Circuit Court of Appeals affirming dismissal; and

(3) *Chapa v. Steinhauser*, CIV 03-1336-PHX-RCB (DKD), May 17, 2004 Order (Doc. 14) and Judgment of Dismissal (Doc. 15) dismissing the action for failure to state a claim and noting that the dismissal may fall within the purview of 28 U.S.C. § 1915(g).

The Court has reviewed the above Orders of dismissal and finds that each counts as a "strike" for the purposes of 28 U.S.C. § 1915(g). Accordingly, Plaintiff may not bring a civil action without complete pre-payment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**II.   Allegations of Imminent Danger of Serious Physical Injury**

In his Complaint, Plaintiff claims that his Eight Amendment rights are violated by poor ventilation and unsanitary conditions in the Fourth Avenue Jail that allow the circulation of dust, pollen, and "human pathogens." Plaintiff claims he suffers from watery eyes, numerous respiratory problems, and is being monitored for exposure to tuberculosis. Plaintiff's allegations are sufficient to meet the imminent danger requirement. *See Gibbs v. Cross*, 160 F. 3d 962 (3d Cir. 1998). Accordingly, the Court will allow Plaintiff to proceed without prepayment of the filing fee.

### III. Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

### IV. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Thus, although a plaintiff's

1  specific factual allegations may be consistent with a constitutional claim, a court must
2  assess whether there are other "more likely explanations" for a defendant's conduct. *Id.*
3  at 1951.

4  But as the United States Court of Appeals for the Ninth Circuit has instructed,
5  courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338,
6  342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less
7  stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v.*
8  *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

## V. Complaint

Plaintiff names the following Defendants in the Complaint: Maricopa County Sheriff Joseph Arpaio; Maricopa County Board of Supervisors; Maricopa County Supervisors Fulton Brock, Don Stapley, Max Wilson, and Mary Rose Wilcox; Arizona Governor Janice K. Brewer; MCSO External Referee C.J. Beddome; Sergeant Beddome; Captain Campanaro; Senator John McCain; Sergeant Sanchez; Unknown Lieutenant; Sergeant A5105; and MCSO Maintenance Supervisors.

Plaintiff raises one claim for relief in which he alleges that his Eighth Amendment rights are violated by poor ventilation and unsanitary conditions in the Maricopa County Fourth Avenue Jail. Plaintiff claims that Defendant Arpaio was made aware of the conditions and serious detriment to Plaintiff's health and the health of other inmates, but failed to act. Plaintiff further claims that Defendants Beddome, Sergeant Beddome, Campanaro, Sanchez, Unknown Lieutenant, and Sergeant A5105 failed to adequately respond to his grievances on the issue. Finally, Plaintiff claims that Defendant Board of Supervisors and the individual members of that Board, along with Governor Brewer, failed to respond to his letters about the issue.

Plaintiff seeks declaratory and injunctive relief as well as money damages.

## VI. Failure to State a Claim

### A. Defendants Board of Supervisors, Individual Supervisors, and Brewer

The Maricopa County Board of Supervisors and the individual members of that

TERMPSREF

- 4 -

Board are not proper Defendants and must be dismissed. Local government bodies, such as Arizona counties, are persons under § 1983 and may be sued for constitutional injuries. Liability may be imposed on the county if a plaintiff establishes that his injuries were inflicted pursuant to an official county policy or custom. *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989) (citations omitted). Official county policy may only be set by an official with "final policymaking authority." *Id*. (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-83 (1986) (plurality opinion)). To identify those officials with "final policymaking authority," the Court looks to state law. *Id*. (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988) (plurality opinion) (quotations omitted)).

In Arizona, the responsibility of operating jails is placed by law upon the Sheriff, not on the county's Board of Supervisors. *See* Ariz. Rev. Stat. § 11-441(A)(5); Ariz. Rev. Stat. § 31-101. Therefore, the Board of Supervisors is not liable to Plaintiff under § 1983 because it lacks authority to establish an official policy with respect to the operation of the jail. Further, the Board cannot be held liable for the actions of the Sheriff or his deputies on a theory of respondeat superior liability. *See Thompson*, 885 F.2d at 1443. Accordingly, the Board and individual members of the Board will be dismissed.

Similarly, Plaintiff's only allegation against Defendant Brewer is that she failed to respond to Plaintiff's complaints concerning conditions in the Jail. Plaintiff has failed to demonstrate that Defendant Brewer is responsible for the operation of the jail and state law makes clear that responsibility for operation jails lies with the Sheriff. The Court will therefore dismiss Defendant Brewer.

**B.     Defendant McCain**

Plaintiff makes no factual allegations against Defendant McCain nor has he explained how a United States senator is connected to the operation of a county jail. The Court will dismiss Defendant McCain.

TERMPSREF

### C. Defendants Beddome, Sergeant Beddome, Campanaro, Sanchez, Unknown Lieutenant, and A5105

The mere denial of a grievance does not give rise to the inference of active unconstitutional behavior. Where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff claims that Defendants Beddome, Sergeant Beddome, Campanaro, Sanchez, Unknown Lieutenant, and A5105 denied his grievances relating to the conditions of his confinement; this is insufficient to state a § 1983 claim and the Court will dismiss these Defendants.

### D. Defendants Maintenance Supervisors

A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 and n.16 (1979). Nevertheless, the same standards are applied, requiring proof that the defendant acted with deliberate indifference. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To state a claim of deliberate indifference, plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." *Id.* at 834. Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. *Id.* In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also

1  draw the inference." *Id.* at 837 (emphasis added).

2      Plaintiff claims that Defendants Maintenance Supervisors failed to ensure that the
3  ventilation systems function properly and that cell and recreations areas are clean.
4  Plaintiff demonstrates, at most, that these Defendants were negligent in supervising
5  employees. Plaintiff has not shown they acted with deliberate indifference and the Court
6  will therefore dismiss Defendants Maintenance Supervisors.

7  **VII.   Claims for Which an Answer Will be Required**

8      Liberally construed, Plaintiff has stated an Eighth and Fourteenth Amendment
9  conditions of confinement claim against Defendant Arpaio with respect to the ventilation
10 system and cleaning of inmate housing areas. The Court will require Defendant Arpaio
11 to answer these claims.

12 **VIII.  Motions**

13     **A.   Motion for Temporary Restraining Order, Preliminary Injunction and
14         Motion to Expedite Hearing/Ruling**

15     Plaintiff filed, with the Complaint, a "Motion for Temporary Restraining Order,
16 Preliminary Injunction," in which he asks that the Court issue an order "to ensure that
17 [his] safety/health, and that of all other similarly situated pre-trial detainees, do[es not]
18 have to suffer any respiratory diseases or possible lung cancer."

19     A temporary restraining order can be issued without notice

20         only if (1) it clearly appears from specific facts shown by
21         affidavit or by the verified complaint that immediate and
        irreparable injury, loss, or damage will result to the applicant
22         before the adverse party or that party's attorney can be heard
23         in opposition, and (2) the applicant's attorney certifies to the
        court in writing the efforts, if any, which have been made to
24         give the notice and the reasons supporting the claim that
25         notice should not be required.

26 Fed. R. Civ. P. 65(b). See also LRCiv 61.1.1 ("Ex parte restraining orders shall only
27 issue in accordance with Rule 65, Federal Rules of Civil Procedure."). Plaintiff has not
28 certified what efforts, if any, he has made to give notice to Defendants. Accordingly, the

TERMPSREF

- 7 -

Court will deny Plaintiff's Motion for a Temporary Restraining Order.

To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

First, the relief Plaintiff seeks is extremely vague. Plaintiff has not described precisely what relief he seeks or what actions he wants the Court to order Defendants to take. Further, Plaintiff has not demonstrated that he will suffer irreparable harm in the absence of a preliminary injunction. Plaintiff attaches multiple grievances and medical records to his Complaint demonstrating that within the last 12 months, the medical staff has taken steps to rule out tuberculosis infection, including ordering a chest x-ray for Plaintiff that was "negative for active infiltrates." (Exh. at 44.) Plaintiff's records also demonstrate that the medical staff continues to monitor his claims of respiratory difficulty, that his most recent tuberculosis skin test was within normal limits for his ethnicity, his temperature was normal, there was no coughing present during the assessment, and Plaintiff was provided with a surgical mask. (Exh. at 43.) Accordingly, Plaintiff's allegations show that the medical staff continues to treat his claims of respiratory difficulty and have taken steps to alleviate aggravating environmental factors by providing him with a surgical mask; Plaintiff's facts do not demonstrate that he will suffer irreparable injury in the absence of a preliminary injunction. The Court will therefore deny the Motion.

The Court will also deny as moot Plaintiff's Motion to Expedite Hearing/Ruling.

**B.     Motion to Certify Class, Motion to Appoint Counsel, Motion to Suspend any Local Rules for Good Cause**

On December 5, 2012, Plaintiff filed a "Motion to Certify Class, Motion to

1 Appoint Counsel, Motion to Suspend any Local Rules for Good Cause."

2 First, there is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many *pro se* prisoner litigants. The Court will deny without prejudice Plaintiff's Motion to Appoint Counsel.

The Court will also deny Plaintiff's request to certify this case as a class action. Plaintiff is not an attorney. Accordingly, although Plaintiff may appear on his own behalf, he may not appear as an attorney for other persons in a class action. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (nonlawyer had no authority to appear as an attorney for other persons in a purported class action); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit an inmate proceeding pro se to represent fellow inmates in a class action). "This rule is an outgrowth not only of the belief that a layman, untutored in the law, cannot 'adequately represent' the interests of the members of the 'class,' but also out of the long-standing general prohibition against even attorneys acting as both class representative and counsel for the class." *Huddleston v. Duckworth*, 97 F.R.D. 512, 514 (N.D. Ind. 1983).

Further, Plaintiff has not adequately shown that the four prerequisites to a class action under Rule 23(a), Fed.R.Civ.P., i.e., numerosity, typicality, commonality, and adequacy of representation, have been met in this case. Accordingly, Plaintiff's request that this action be certified as a class action will be denied.

Finally, the Court sees no reason to suspend the Local Rules of Civil Procedure in this action. The Court will also deny this portion of Plaintiff's Motion.

**IX. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C. Copies**

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action

TERMPSREF

1    for failure to comply with any order of the Court).

2    **IT IS ORDERED:**

3    (1)   Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

4    (2)   As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

7    (3)   Defendants Maricopa County Board of Supervisors, Brock, Stapley, Wilson, Wilcox, Brewer, Beddome, Sergeant Beddome, Campanaro, McCain, Sanchez, Unknown Lieutenant, Sergeant A5105, and MCSO Maintenance Supervisors are **dismissed** without prejudice.

11   (5)   Defendant Arpaio must answer the Complaint.

12   (6)   Plaintiff's Motion for Temporary Restraining Order, Motion for Preliminary Injunction (Doc. 4) is **denied**.

14   (7)   Plaintiff's Motion to Expedite Hearing/Ruling (Doc. 5) is **denied**.

15   (8)   Plaintiff's Motion to Certify Class, Motion to Appoint Counsel, Motion to Suspend and Local Rules (Doc  7) is **denied**.

17   (9)   The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Arpaio.

20   (10)   Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

23   (11)   If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

27   (12)   The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

TERMPSREF

(13) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(14) **If Defendant Arpaio agrees to waive service of the Summons and Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(15) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(16) This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as

1  authorized under 28 U.S.C. § 636(b)(1).

2  Dated this 7th day of February, 2013.

_____
David G. Campbell
United States District Judge