KM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph John Chapa, | No.  CV 12-2482-PHX-DGC (DKD) |
| Plaintiff, | |
| vs. | **ORDER** |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Plaintiff Ralph John Chapa, who is confined in Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.

**I.    "Three Strikes Provision" of 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases that were dismissed before the effective date of § 1915(g), i.e., April 26, 1996, may be counted as qualifying dismissals or "strikes." *Tierney v. Kupers*, 128 F.3d 1310, 1311 12 (9th Cir. 1997).  A

1    prisoner barred from proceeding in forma pauperis pursuant to § 1915(g) may proceed

2    under the fee provisions of 28 U.S.C. §§ 1911 and 1914 applicable to everyone else.

3    *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir.1996).

4         At least three of the prior actions Plaintiff has filed in federal courts have been

5    dismissed as frivolous, malicious, or as failing to state a claim:

6         (1)    *Chapa v. Hackwell*, CIV 03-1364-PHX-RCB (DKD), March 5, 2004 Order
7                (Doc. 16) and Judgment of Dismissal (Doc. 17) dismissing the action for
                 failure to state a claim and noting the dismissal may fall within the purview
8                of 28 U.S.C. § 1915(g);

9
          (2)    *Chapa v. Cullhane*, CIV 03-2256-PHX-RCB (DKD), April 9, 2004 Order
10               (Doc. 4) and Judgment of Dismissal (Doc. 6) dismissing the action for
                 failure to state a claim and noting the dismissal may fall within the purview
11               of 28 U.S.C. § 1915(g), and July 20, 2005 Mandate from the Ninth Circuit
                 Court of Appeals affirming dismissal; and
12

13
          (3)    *Chapa v. Steinhauser*, CIV 03-1336-PHX-RCB (DKD), May 17, 2004
14               Order (Doc. 14) and Judgment of Dismissal (Doc. 15) dismissing the action
                 for failure to state a claim and noting that the dismissal may fall within the
15               purview of 28 U.S.C. § 1915(g).

16

17        The Court has reviewed the above Orders of dismissal and finds that each counts

18   as a "strike" for the purposes of 28 U.S.C. § 1915(g).  Accordingly, Plaintiff may not

19   bring a civil action without complete pre-payment of the $350.00 filing fee unless he is in

20   imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

21   **II.    Allegations of Imminent Danger of Serious Physical Injury**

22        In his Complaint, Plaintiff claims that his Eight Amendment rights are violated by

23   poor ventilation and unsanitary conditions in the Fourth Avenue Jail that allow the

24   circulation of dust, pollen, and "human pathogens."  Plaintiff claims he suffers from

25   watery eyes, numerous respiratory problems, and is being monitored for exposure to

26   tuberculosis.    Plaintiff's allegations are sufficient to meet the imminent danger

27   requirement. *See Gibbs v. Cross*, 160 F. 3d 962 (3d Cir. 1998).  Accordingly, the Court

28   will allow Plaintiff to proceed without prepayment of the filing fee.

**TERMPSREF**

1    **III.     Application to Proceed *In Forma Pauperis* and Filing Fee**

2          Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.

3    § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).

4    The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).   The

5    statutory fee will be collected monthly in payments of  20% of the previous month's

6    income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).

7    The Court will enter a separate Order requiring the appropriate government agency to

8    collect and forward the fees according to the statutory formula.

9    **IV.     Statutory Screening of Prisoner Complaints**

10          The Court is required to screen complaints brought by prisoners seeking relief

11   against a governmental entity or an officer or an employee of a governmental entity.  28

12   U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

13   has raised claims that are legally frivolous or malicious, that fail to state a claim upon

14   which relief may be granted, or that seek monetary relief from a defendant who is

15   immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

16          A pleading must contain a "short and plain statement of the claim *showing* that the

17   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

18   not demand detailed factual allegations, "it demands more than an unadorned, the-

19   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

20   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

21   conclusory statements, do not suffice."  *Id.*

22          "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

23   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

24   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

25   content that allows the court to draw the reasonable inference that the defendant is liable

26   for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

27   claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

28   on its judicial experience and common sense."  *Id.* at 1950.  Thus, although a plaintiff's

TERMPSREF

- 3 -

1    specific factual allegations may be consistent with a constitutional claim, a court must

2    assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*

3    at 1951.

4    But as the United States Court of Appeals for the Ninth Circuit has instructed,

5    courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,

6    342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

7    stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*

8    *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

9    **V.    Complaint**

10   Plaintiff names the following Defendants in the Complaint: Maricopa County

11   Sheriff Joseph Arpaio; Maricopa County Board of Supervisors; Maricopa County

12   Supervisors Fulton Brock, Don Stapley, Max Wilson, and Mary Rose Wilcox; Arizona

13   Governor Janice K. Brewer; MCSO External Referee C.J. Beddome; Sergeant Beddome;

14   Captain Campanaro; Senator John McCain; Sergeant Sanchez; Unknown Lieutenant;

15   Sergeant A5105; and MCSO Maintenance Supervisors.

16   Plaintiff raises one claim for relief in which he alleges that his Eighth Amendment

17   rights are violated by poor ventilation and unsanitary conditions in the Maricopa County

18   Fourth Avenue Jail.  Plaintiff claims that Defendant Arpaio was made aware of the

19   conditions and serious detriment to Plaintiff's health and the health of other inmates, but

20   failed to act.  Plaintiff further claims that Defendants Beddome, Sergeant Beddome,

21   Campanaro, Sanchez, Unknown Lieutenant, and Sergeant A5105 failed to adequately

22   respond to his grievances on the issue.  Finally, Plaintiff claims that Defendant Board of

23   Supervisors and the individual members of that Board, along with Governor Brewer,

24   failed to respond to his letters about the issue.

25   Plaintiff seeks declaratory and injunctive relief as well as money damages.

26   **VI.    Failure to State a Claim**

27   **A.    Defendants Board of Supervisors, Individual Supervisors, and Brewer**

28   The Maricopa County Board of Supervisors and the individual members of that

1   Board are not proper Defendants and must be dismissed. Local government bodies, such

2   as Arizona counties, are persons under § 1983 and may be sued for constitutional injuries.

3   Liability may be imposed on the county if a plaintiff establishes that his injuries were

4   inflicted pursuant to an official county policy or custom.  *Thompson v. City of Los*

5   *Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989) (citations omitted).  Official county policy

6   may only be set by an official with "final policymaking authority."  *Id*. (citing *Pembaur*

7   *v. City of Cincinnati*, 475 U.S. 469, 481-83 (1986) (plurality opinion)).  To identify those

8   officials with "final policymaking authority," the Court looks to state law.  *Id*. (citing *City*

9   *of St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988) (plurality opinion) (quotations

10  omitted)).

11        In Arizona, the responsibility of operating jails is placed by law upon the Sheriff,

12  not on the county's Board of Supervisors.  *See* Ariz. Rev. Stat. § 11-441(A)(5); Ariz.

13  Rev. Stat. § 31-101.  Therefore, the Board of Supervisors is not liable to Plaintiff under

14  § 1983 because it lacks authority to establish an official policy with respect to the

15  operation of the jail.  Further, the Board cannot be held liable for the actions of the

16  Sheriff or his deputies on a theory of respondeat superior liability.  *See Thompson*, 885

17  F.2d at 1443.  Accordingly, the Board and individual members of the Board will be

18  dismissed.

19        Similarly, Plaintiff's only allegation against Defendant Brewer is that she failed to

20  respond to Plaintiff's complaints concerning conditions in the Jail.  Plaintiff has failed to

21  demonstrate that Defendant Brewer is responsible for the operation of the jail and state

22  law makes clear that responsibility for operation jails lies with the Sheriff.  The Court

23  will therefore dismiss Defendant Brewer.

24        **B.     Defendant McCain**

25        Plaintiff makes no factual allegations against Defendant McCain nor has he

26  explained how a United States senator is connected to the operation of a county jail.  The

27  Court will dismiss Defendant McCain.

28

1
2

### C.   Defendants Beddome, Sergeant Beddome, Campanaro, Sanchez, Unknown Lieutenant, and A5105

3

4

5

6

7

8

9

10

11

The mere denial of a grievance does not give rise to the inference of active unconstitutional behavior.  Where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  Plaintiff claims that Defendants Beddome, Sergeant Beddome, Campanaro, Sanchez, Unknown Lieutenant, and A5105 denied his grievances relating to the conditions of his confinement; this is insufficient to state a § 1983 claim and the Court will dismiss these Defendants.

12

### D.   Defendants Maintenance Supervisors

13

14

15

16

17

18

A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment.  *Bell v. Wolfish*, 441 U.S. 520, 535 and n.16 (1979).  Nevertheless, the same standards are applied, requiring proof that the defendant acted with deliberate indifference.  *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

19

20

21

22

23

24

25

26

27

28

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  To state a claim of deliberate indifference, plaintiffs must meet a two-part test.  First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities."  *Id.* at 834.  Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety.  *Id.*  In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also

1    draw the inference." *Id.* at 837 (emphasis added).

2           Plaintiff claims that Defendants Maintenance Supervisors failed to ensure that the

3    ventilation systems function properly and that cell and recreations areas are clean.

4    Plaintiff demonstrates, at most, that these Defendants were negligent in supervising

5    employees.  Plaintiff has not shown they acted with deliberate indifference and the Court

6    will therefore dismiss Defendants Maintenance Supervisors.

7    **VII.   Claims for Which an Answer Will be Required**

8           Liberally construed, Plaintiff has stated an Eighth and Fourteenth Amendment

9    conditions of confinement claim against Defendant Arpaio with respect to the ventilation

10   system and cleaning of inmate housing areas.  The Court will require Defendant Arpaio

11   to answer these claims.

12   **VIII.  Motions**

13
14           **A.     Motion for Temporary Restraining Order, Preliminary Injunction and
             Motion to Expedite Hearing/Ruling**

15           Plaintiff filed, with the Complaint, a "Motion for Temporary Restraining Order,

16   Preliminary Injunction," in which he asks that the Court issue an order "to ensure that

17   [his] safety/health, and that of all other similarly situated pre-trial detainees, do[es not]

18   have to suffer any respiratory diseases or possible lung cancer."

19           A temporary restraining order can be issued without notice

20                   only if (1) it clearly appears from specific facts shown by
                     affidavit or by the verified complaint that immediate and
21                   irreparable injury, loss, or damage will result to the applicant
22                   before the adverse party or that party's attorney can be heard
                     in opposition, and (2) the applicant's attorney certifies to the
23                   court in writing the efforts, if any, which have been made to
24                   give the notice and the reasons supporting the claim that
                     notice should not be required.
25

26   Fed. R. Civ. P. 65(b).  See also LRCiv 61.1.1 ("Ex parte restraining orders shall only

27   issue in accordance with Rule 65, Federal Rules of Civil Procedure.").  Plaintiff has not

28   certified what efforts, if any, he has made to give notice to Defendants.  Accordingly, the

1  Court will deny Plaintiff's Motion for a Temporary Restraining Order.

2  To obtain a preliminary injunction, the moving party must show "that he is likely

3  to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

4  preliminary relief, that the balance of equities tips in his favor, and that an injunction is in

5  the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365,

6  374 (2008).  The moving party has the burden of proof on each element of the test.

7  *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal.

8  2000).

9  First, the relief Plaintiff seeks is extremely vague.  Plaintiff has not described

10  precisely what relief he seeks or what actions he wants the Court to order Defendants to

11  take.  Further, Plaintiff has not demonstrated that he will suffer irreparable harm in the

12  absence of a preliminary injunction.  Plaintiff attaches multiple grievances and medical

13  records to his Complaint demonstrating that within the last 12 months, the medical staff

14  has taken steps to rule out tuberculosis infection, including ordering a chest x-ray for

15  Plaintiff that was "negative for active infiltrates." (Exh. at 44.)  Plaintiff's records also

16  demonstrate that the medical staff continues to monitor his claims of respiratory

17  difficulty, that his most recent tuberculosis skin test was within normal limits for his

18  ethnicity, his temperature was normal, there was no coughing present during the

19  assessment, and Plaintiff was provided with a surgical mask. (Exh. at 43.)  Accordingly,

20  Plaintiff's allegations show that the medical staff continues to treat his claims of

21  respiratory difficulty and have taken steps to alleviate aggravating environmental factors

22  by providing him with a surgical mask; Plaintiff's facts do not demonstrate that he will

23  suffer irreparable injury in the absence of a preliminary injunction.  The Court will

24  therefore deny the Motion.

25  The Court will also deny as moot Plaintiff's Motion to Expedite Hearing/Ruling.

26  **B.    Motion to Certify Class, Motion to Appoint Counsel, Motion to**
27  **Suspend any Local Rules for Good Cause**

28  On December 5, 2012, Plaintiff filed a "Motion to Certify Class, Motion to

1   Appoint Counsel, Motion to Suspend any Local Rules for Good Cause."

2          First, there is no constitutional right to the appointment of counsel in a civil case.

3   *See Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 269 (9th Cir.

4   1982).  In proceedings *in forma pauperis*, the court may request an attorney to represent

5   any person unable to afford one.  28 U.S.C. § 1915(e)(1).  Appointment of counsel under

6   28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present.

7   *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  A determination with respect to

8   exceptional circumstances requires an evaluation of the likelihood of success on the

9   merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the

10  complexity of the legal issue involved.  *Id.*  "Neither of these factors is dispositive and

11  both must be viewed together before reaching a decision."   *Id.* (quoting *Wilborn v.*

12  *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

13         Having considered both elements, it does not appear at this time that exceptional

14  circumstances are present that would require the appointment of counsel in this case.

15  Plaintiff is in no different position than many *pro se* prisoner litigants.  The Court will

16  deny without prejudice Plaintiff's Motion to Appoint Counsel.

17         The Court will also deny Plaintiff's request to certify this case as a class action.

18  Plaintiff is not an attorney.   Accordingly, although Plaintiff may appear on his own

19  behalf, he may not appear as an attorney for other persons in a class action.  *McShane v.*

20  *United States*, 366 F.2d  286, 288 (9th Cir. 1966) (nonlawyer had no authority to appear

21  as an attorney for other persons in a purported class action); *Oxendine v. Williams*, 509

22  F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit an inmate proceeding pro se to

23  represent fellow inmates in a class action).   "This rule is an outgrowth not only of the

24  belief that a layman, untutored in the law, cannot 'adequately represent' the interests of

25  the members of the 'class,' but also out of the long-standing general prohibition against

26  even attorneys acting as both class representative and counsel for the class."  *Huddleston*

27  *v. Duckworth*, 97 F.R.D. 512, 514 (N.D. Ind. 1983).

28

1    Further, Plaintiff has not adequately shown that the four prerequisites to a class

2  action under Rule 23(a), Fed.R.Civ.P., i.e., numerosity, typicality, commonality, and

3  adequacy of representation, have been met in this case.  Accordingly, Plaintiff's request

4  that this action be certified as a class action will be denied.

5    Finally, the Court sees no reason to suspend the Local  Rules of Civil Procedure in

6  this action.  The Court will also deny this portion of Plaintiff's Motion.

7  **IX.    Warnings**

8    **A.    Release**

9    Plaintiff must pay the unpaid balance of the filing fee within 120 days of his

10  release.  Also, within 30 days of his release, he must either (1) notify the Court that he

11  intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to

12  comply may result in dismissal of this action.

13    **B.    Address Changes**

14    Plaintiff must file and serve a notice of a change of address in accordance with

15  Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion

16  for other relief with a notice of change of address.  Failure to comply may result in

17  dismissal of this action.

18    **C.    Copies**

19    Plaintiff must serve Defendant, or counsel if an appearance has been entered, a

20  copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a

21  certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also,

22  Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv

23  5.4.  Failure to comply may result in the filing being stricken without further notice to

24  Plaintiff.

25    **D.    Possible Dismissal**

26    If Plaintiff fails to timely comply with every provision of this Order, including

27  these warnings, the Court may dismiss this action without further notice.  *See Ferdik v.*

28  *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action

1    for failure to comply with any order of the Court).

2    **IT IS ORDERED:**

3    (1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

4    (2)    As required by the accompanying Order to the appropriate government

5    agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial

6    filing fee.

7    (3)    Defendants Maricopa County Board of Supervisors, Brock, Stapley,

8    Wilson, Wilcox, Brewer, Beddome, Sergeant Beddome, Campanaro, McCain, Sanchez,

9    Unknown Lieutenant, Sergeant A5105, and MCSO Maintenance Supervisors are

10   **dismissed** without prejudice.

11   (5)    Defendant Arpaio must answer the Complaint.

12   (6)    Plaintiff's Motion for Temporary Restraining Order, Motion for

13   Preliminary Injunction (Doc. 4) is **denied**.

14   (7)    Plaintiff's Motion to Expedite Hearing/Ruling (Doc. 5) is **denied**.

15   (8)    Plaintiff's Motion to Certify Class, Motion to Appoint Counsel, Motion to

16   Suspend and Local Rules (Doc  7) is **denied**.

17   (9)    The Clerk of Court must send Plaintiff a service packet including the

18   Complaint (Doc. 1), this Order, and both summons and request for waiver forms for

19   Defendant Arpaio.

20   (10)   Plaintiff must complete and return the service packet to the Clerk of Court

21   within 21 days of the date of filing of this Order.  The United States Marshal will not

22   provide service of process if Plaintiff fails to comply with this Order.

23   (11)   If Plaintiff does not either obtain a waiver of service of the summons or

24   complete service of the Summons and Complaint on Defendant within 120 days of the

25   filing of the Complaint or within 60 days of the filing of this Order, whichever is later,

26   the action may be dismissed.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

27   (12)   The United States Marshal must retain the Summons, a copy of the

28   Complaint, and a copy of this Order for future use.

TERMPSREF

1    (13)   The United States Marshal must notify Defendant of the commencement of

2    this action and request waiver of service of the summons pursuant to Rule 4(d) of the

3    Federal Rules of Civil Procedure.  The notice to Defendant must include a copy of this

4    Order.   **The Marshal must immediately file signed waivers of service of the**

5    **summons.  If a waiver of service of summons is returned as undeliverable or is not**

6    **returned by Defendant within 30 days from the date the request for waiver was sent**

7    **by the Marshal, the Marshal must**:

8    　　　　(a)   personally serve copies of the Summons, Complaint, and this Order

9    　　　　upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

10   　　　　and

11   　　　　(b)   within 10 days after personal service is effected, file the return of

12   　　　　service for Defendant, along with evidence of the attempt to secure a waiver of

13   　　　　service of the summons and of the costs subsequently incurred in effecting service

14   　　　　upon Defendant.  The costs of service must be enumerated on the return of service

15   　　　　form (USM-285) and must include the costs incurred by the Marshal for

16   　　　　photocopying additional copies of the Summons, Complaint, or this Order and for

17   　　　　preparing new process receipt and return forms (USM-285), if required.  Costs of

18   　　　　service will be taxed against the personally served Defendant pursuant to Rule

19   　　　　4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the

20   　　　　Court.

21   　　　(14)   **If Defendant Arpaio agrees to waive service of the Summons and**

22   **Complaint, he must return the signed waiver forms to the United States Marshal,**

23   **not the Plaintiff.**

24   　　　(15)   Defendant must answer the Complaint or otherwise respond by appropriate

25   motion within the time provided by the applicable provisions of Rule 12(a) of the Federal

26   Rules of Civil Procedure.

27   　　　(16)   This matter is referred to Magistrate Judge David K. Duncan pursuant to

28   Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as

TERMPSREF

1   authorized under 28 U.S.C. § 636(b)(1).

2        Dated this 7th day of February, 2013.

3

4

5                                    _David G. Campbell_ (signature)
                                   _____
6                                      David G. Campbell
                                     United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TERMPSREF