KM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph John Chapa,<br><br>                    Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio, et al.,<br><br>                    Defendants. | No.   CV 12-2482-PHX-DGC (DKD)<br><br>**ORDER** |

      Plaintiff Ralph John Chapa, who is confined in Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a February 7, 2013 screening Order, the Court dismissed Defendants Maricopa County Board of Supervisors, Brock, Stapley, Wilson, Wilcox, Brewer, Beddome, Sergeant Beddome, Campanaro, McCain, Sanchez, Unknown Lieutenant, Sergeant A5105, and MCSO Maintenance Supervisors, and required Defendant Arpaio to answer the Complaint.

      On February 25, 2013, Plaintiff filed a "Motion for Reconsideration of Court[']s Order . . . or in the Alternative Give Mr. Chapa Permission to Appeal" (Doc. 14). Plaintiff asks that the Court reconsider its dismissal of the above Defendants or allow him to file an interlocutory appeal of the dismissal.

      "Motions to reconsider are appropriate only in rare circumstances." *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly

discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). The failure to properly brief an issue does not warrant granting a motion to reconsider. *Motorola, Inc. v. J.B. Rogers Mechanical Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

The Court has reviewed the Complaint, the February 7th screening Order, and Plaintiff's Motion for Reconsideration. The Court finds no basis to reconsider its decision. The Court will deny Plaintiff's Motion for Reconsideration.

The Court will also deny Plaintiff's request for permission to appeal. Title 28 U.S.C. § 1291 states that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the Untied States." A district court's decision in a civil case is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *California v. Campbell*, 138 F.3d 772, 776 (9th Cir. 1998) (quoting *Catlin v. United States*. 324 U.S. 229, 233 (1945)). Orders dismissing some but not all claims are not appealable final orders. *See Unioil, Inc. v. E.F.Hutton & Co.*, 809 F.2d 548, 554 (9th Cir. 1986). Rule 54(b) of the Federal Rules of Civil Procedure allows the District Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Court will decline to enter final judgment against the dismissed Defendants.

With respect to the denial of Plaintiff's Motion for TRO/Preliminary Injunction, 28 U.S.C. § 1292(b) provides that the courts of appeals "shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing, or dissolving injunctions." Accordingly, Plaintiff is not required to obtain the Court's permission before appealing the denial of injunctive relief and the Court will deny as moot this portion of the Motion.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** only with respect to Plaintiff's "Motion for Reconsideration of Court[']s Order . . . or in the Alternative [to] Give Mr. Chapa Permission to Appeal" (Doc. 14); all other matters must remain with the Magistrate Judge.

(2) Plaintiff's February 25, 2013 "Motion for Reconsideration of Court[']s Order . . . or in the Alternative Give Mr. Chapa Permission to Appeal" (Doc. 14) is **denied**.

Dated this 5th day of March, 2013.

_____
David G. Campbell
United States District Judge